UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA PAGE WEBER,

        Plaintiff,                              Case Number 18-13737
v.                                                   Honorable David M. Lawson

JANE DOE,

        Defendant.

_____/

## ORDER DENYING MOTION TO SEAL AND DISMISSING CASE

On November 30, 2018, the plaintiff filed her *pro se* complaint alleging that the defendant, in her capacity as an employee of State Farm Mutual Auto Insurance Company, breached the settlement agreement entered into by the parties on March 29, 2018. Presently before the Court is the plaintiff's motion to seal the case and notice of voluntary dismissal. The Court has reviewed the plaintiff's request to place the case under seal and finds that she has not stated any grounds to justify the wholesale closure of all filings in this case.

Parties desiring to file court papers under seal face a formidable task in overcoming the presumption that court filings are open to public inspection. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "[T]he public is entitled to assess for itself the merits of judicial decisions," and, thus, "'[t]he public has an interest in ascertaining what evidence and records the District Court [has] relied upon in reaching [its] decisions.'" *Ibid.* (quoting *Brown*, 710 F.2d at 1181).

"The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records," and the "burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group*, 825 F.3d at 305 (citing *Brown*, 710 F.2d at 1179; *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Ibid.* (quoting *Knoxville News*, 723 F.2d at 476). And, "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Ibid.* (citing *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 509-11 (1984)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06 (quoting *Baxter*, 297 F.3d at 548). The "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public' . . . even if neither party objects to the motion to seal." *Id.* at 306 (quoting *Brown*, 710 F.2d at 1176). This latter obligation begins, however, with the parties, who must furnish those good reasons to the Court initially when making their sealing request. The plaintiff has failed to do so here.

The plaintiff's motion to seal also included a notice of voluntary dismissal of her claims in this matter. The defendant has not answered or otherwise responded to the complaint. The Court therefore will dismiss the case. Fed. R. Civ. P. 41(a)(1)(A)(i).

Accordingly, it is **ORDERED** that the plaintiff's motion to seal case (ECF No. 6) is **DENIED**.

It is further **ORDERED** that the case is **DISMISSED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

- 3 -

Date: December 20, 2018

> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 20, 2018.
>
> s/Susan K. Pinkowski
> SUSAN K. PINKOWSKI